**James ROACH and Mark Lyons, Plaintiffs,**

v.

**AMERICAN RADIO SYSTEMS CORPORATION, Defendant.**

**No. Civ.A. 98–1285.**

United States District Court, W.D. Pennsylvania.

Dec. 22, 1999.

OGG Jones Cordes & Ignelzi, Samuel J Cordes, Pittsburgh, PA, for plaintiffs.

Jackson Lewis Schnitzler & Krupman, A Patricia Diulus–Myers, Pittsburgh, PA, for defendant.

### *OPINION* and *ORDER OF COURT*

AMBROSE, District Judge.

Pending before the Court is the Motion for Partial Summary Judgment of Defendant American Radio Systems Corporation ("ARS") (Docket No. 20) on the Age Discrimination in Employment Act ("ADEA") claim brought against it by Plaintiff Mark Lyons ("Plaintiff" or "Lyons").

### *STANDARD OF REVIEW*

Summary judgment may only be granted if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

### LEGAL ANALYSIS

The basis for ARS's Motion for Summary Judgment is that: (1) Plaintiff has failed to create a genuine issue of material fact as to his *prima facie* case of age discrimination in that he cannot prove that he was replaced by a sufficiently younger person or that he was qualified for the position; (2) Plaintiff cannot adduce sufficient evidence to discredit ARS's legitimate non-discriminatory reasons for Plaintiff's termination; and (3) Plaintiff has failed to mitigate his damages.

Concerning its "someone sufficiently younger" argument, ARS argues that Plaintiff was first replaced by Michael Kraisman who was forty-two (42) years old at the time of his hire and who, being born on July 10, 1955, was two (2) years and ten (10) months younger than Plaintiff and then six (6) weeks later, Plaintiff's job was taken over by Charles "Stoney" Richards, who was forty-eight (48) years old at the time of his hire and who, being born on May 3, 1949, was three (3) years and four (4) months older than Plaintiff at the time Lyons was discharged. Therefore, ARS maintains, Plaintiff cannot establish, as required to establish a *prima facie* case of age discrimination, that he was replaced by someone sufficiently younger.

In response, Lyons argues that in order to establish the fourth element of his *prima facie* case, he need not prove replacement by someone significantly younger. Rather, Lyons argues that he must establish "circumstances which create an inference of discrimination" and that he can demonstrate circumstances which create an inference of discrimination. Specifically, Lyons argues that viewed in a light most favorable to Plaintiff, "circumstances suggest age discrimination because American Radio Systems fired its two oldest on-air personalities after lowering the median age of its target audience."

After careful consideration of the submissions of the parties, I am guided by the United State Supreme Court's statement in *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312, 116 S.Ct. 1307, 1310, 134 L.Ed.2d 433 (1996), "that the prima facie case requires 'evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion....,'" and the Third Circuit court's recent pronouncement, in *Pivirotto v. Innovative Systems, Inc.*, 191 F.3d 344 (3d Cir.1999), that "Supreme Court precedent such as *McDonnell Douglas [Corp. v. Green*, 411 U.S. 792, 93

S.Ct. 1817, 36 L.Ed.2d 668 (1973) ], *[International Bhd. of] Teamsters [v. United States,* 431 U.S. 324, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977) ], and *O'Connor* clearly require only 'evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion.'" The Third Circuit Court stated that "[w]hen focusing on the prima facie case, we have repeatedly emphasized that the requirements of the prima facie case are flexible, and in particular that 'the fourth element must be relaxed in certain circumstances'" and "we have never held that the fourth element of the prima facie case should be relaxed only when there is a reduction in force." Thus, in order to establish his *prima facie* case, Plaintiff need *not* present sufficient proof that he was replaced by a sufficiently younger person to create an inference of age discrimination. Rather, the facts viewed in a light most favorable to Plaintiff simply must create the inference that he was discharged because of his age. In the case at bar, viewing the facts of record in a light most favorable to Lyons, including, but not limited to, the lowering of the age of the radio station's target audience and the subsequent discharge of the two oldest on-air announcers approximately seven months later, I find that there is evidence adequate to create an inference that Plaintiff's termination was based on an illegal discriminatory criterion. Accordingly, Defendant's motion for partial summary judgment based upon Plaintiff's failure to introduce evidence that he was replaced by someone sufficiently younger is denied.

Concerning its not-qualified argument, ARS contends that Plaintiff cannot establish that he was qualified for the on-air/Assistant Program Director position because he admitted that he was not interested in the position and that he did not possess the requisite experience for the position because he had no experience as an assistant program director.

In response, Plaintiff argues that ARS's factual argument that Lyons was not qualified because he had no experience as a program director is not supported in the record because Keith Clark ("Clark") testified that experience as a program director was not his primary concern. Plaintiff also contends that he is qualified because he had nearly thirty years experience in radio and six years of satisfactory performance with ARS and ARS's predecessors as evidenced by bonuses and raises he received based, at least in part, on his ratings.

■ In considering Defendant's arguments concerning why Plaintiff was not qualified for the position at issue, I find first that I agree with Plaintiff that viewing the facts in a light most favorable to Plaintiff, experience as a program director or assistant program director was not necessarily a qualification for the position of on-air personality/assistant program director. This conclusion is based upon the following testimony from Keith Clark's deposition when he was asked, "[w]ere you seeking someone with experience as a program director or assistant program director? Was that your primary target?," and Clark's answer was "[n]o. Our primary target was somebody that sounded great on the air and that either had experience in doing this or I felt could be developed very quickly with these other duties." Clark deposition, pp. 114–115. Second, it is my opinion that any statements by Lyons about his interest (or disinterest) in the on-air announcer/assistant program director position is irrelevant to the legal issue of whether he was qualified for the position for purposes of establishing his *prima facie* case of age discrimination.

Thus, it is necessary to turn to Defendant's argument that Plaintiff cannot adduce sufficient evidence to discredit ARS's legitimate non-discriminatory reasons for Plaintiff's termination. "To defeat a summary judgment motion based on a defendant's proffer of non-discriminatory reasons, a plaintiff who has made a prima facie showing of discrimination need point to some evidence, direct or circumstantial, from which a factfinder could reasonably either: (1) disbelieve the employer's artic-

ulated legitimate reason; or (2) believe that an invidious discriminatory reason was more likely then not a motivating or determinative cause of the employer's action." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 330–31 (3d Cir. 1995), *citing, Fuentes v. Perskie*, 32 F.3d 759, 763–64 (3d Cir.1994). After careful consideration of the submissions of the parties, I find that viewing the evidence of record in a light most favorable to Plaintiff, including, but not limited to: (1) that immediately upon purchasing the station, ARS lowered the station's target audience median age from forty-two (42) to thirty-eight to forty (38–40); (2) the planner notes of Cassidy Haus, sales manager for the radio station, wherein Haus recorded, on two separate occasions, that Clark and Andrea Scott, the General Manager of the radio station, said Lyons and fellow on-air announcer Jimmy Roach ("Roach") (then age forty-nine (49)) "are old sounding," "don't reflect [the] hip image of country" and are "old and hill-billy sounding;" (3) that although on-air announcer Brian Montgomery ("Montgomery"), age 31 at the time of Plaintiff's discharge, told Clark he was not interested in the assistant program director position, he was not terminated but rather, was transferred to the midday shift; (4) that the oldest on-air announcer after Plaintiff was terminated was Rick Dalton, age thirty-eight (38), and Dalton was terminated the day after Plaintiff was terminated; (5) that the only on-air announcer older than Plaintiff, Roach, was fired one month before Plaintiff and was replaced by a thirty-two (32) year old; and (6) that Plaintiff and Roach were fired within approximately seven months of the station's target age being lowered, that there is a genuine issue of material fact as to whether age discrimination was more likely than not a motivating or determinative cause of ARS's terminating Lyons.

Finally, I address Defendant's argument that summary judgment must be granted as to Plaintiff's claim for damages because Plaintiff failed to mitigate his damages. Specifically, ARS argues: "ARS can defeat a claim for damages by demonstrating that Plaintiff Lyons has not properly attempted to mitigate his damages or by showing that Plaintiff has withdrawn from the employment market. ARS does not have to establish that availability of substantially equivalent employment if it proves that Plaintiff has not made reasonable efforts to obtain work." Defendant's Brief in Support of Motion for Partial Summary Judgment, p. 22, *citing, Tubari Ltd. Inc. v. N.L.R.B.*, 959 F.2d 451 (3d Cir.1992). In further support of this position, Defendant argues as follows:

> Plaintiff Lyons was terminated on March 11, 1998. Although Lyons claimed in his deposition that he was interested in returning to a job in radio, his actions belie that claim.

> •    •    •    •    •

> In this case, Plaintiff Lyons admitted that he contacted only three (3) radio stations within the first week of his termination to inquire about possible on-air position[s]—he called WTAE, WJJJ and WDVE. He called these stations and asked previous business acquaintances if they were aware of any on-air announcer positions available in Pittsburgh. He never completed an employment application at any of these locations, nor enlisted the services of a professional placement agency.

> Plaintiff Lyons also admitted that he has not tried to contact any of his prior professional acquaintances since the first week of his termination, and that these calls were the extent of his job search until October, 1998—the time when his rights to unemployment compensation expired. Plaintiff Lyons further admitted that he limited his job search for comparably employment to *only* the Pittsburgh region. When asked what he had done to return to this field beyond the three (3) initial calls, Plaintiff Lyons bluntly admitted: "Nothing."

*Id.* at pp. 23–24 (internal citations to record omitted).

In response, Plaintiff argues that this aspect of ARS's Summary Judgment Motion must be denied because it is the Defendant's burden to provide proof that (1) "substantially equivalent work was available" and (2) "[t]he plaintiff did not exercise reasonable diligence to obtain that employment," and here, the Defendant has not provided any evidence that comparable work was available. Plaintiff's Brief in Opposition to Defendant's Motion for Partial Summary Judgment, pp. 22–23, *quoting, Anastasio v. Schering Corp.*, 838 F.2d 701, 708 (3d Cir.1988); *Booker v. Taylor Milk Co., Inc.*, 64 F.3d 860, 864 (3d Cir. 1995). Further, Plaintiff disputes ARS's claim that it need not show that there was substantially equivalent work available on the basis that the facts of the instant action are distinguishable from those in *Tubari Ltd., supra,* where Plaintiff explains, the appellate court held that the employer could meet its burden on a mitigation defense without showing the availability of alternative employment where the employees had completely withdrawn from the job market. In *Tubari,* the Plaintiff argues, the Plaintiffs had made no efforts to locate alternative employment and in the instant case "Lyons has not withdrawn from the employment market. Since his termination, he has sought, and held, a number of positions. Because Defendant cannot show either that Lyons withdrew from the labor market or the availability of any comparably positions, it has not met its burden of proof on the mitigation issue." *Id.* at p. 24. Finally, Lyons argues that *assuming arguendo* ARS need not prove that there were comparable positions available, the evidence viewed in a light most favorable to Plaintiff shows that Lyons used reasonable diligence. *Id.* "First, Lyons attempted to secure employment in his field by contacting Bill DeFabio, General Manager at WTAE, Frank Irio, General Manager at WJJJ, and Bob Ruff, General Manager at WDVE, to inquire about openings at their stations, and about their knowledge of openings at other stations." *Id.* Further, "because Lyons was unable to secure employment in radio,

he ... undertook employment in a new career. Specifically, Lyons became a loan officer, first with Agape Mortgage, and then with Veterans Home Mortgage. He then went to work as a marketing representative with TMG Solutions...." *Id.* at p. 25.

■ "Although the statutory duty to mitigate damages is placed on a Title VII plaintiff, the employer has the burden of proving a failure to mitigate." *Booker,* 64 F.3d at 864. As a general rule, "[t]o meet its burden, an employer must demonstrate that 1) substantially equivalent work was available, and 2) the ... claimant did not exercise reasonable diligence to obtain the employment." *Id.* There does appear to be an exception to these general requirements in that an employer also can meet its burden on a mitigation defense where it demonstrates that the employee has withdrawn from the job market. *See Tubari,* 959 F.2d at 454. After careful consideration of the submissions of the parties on the issue, I find first that viewing the evidence of record in a light most favorable to Plaintiff, including that soon after being terminated Plaintiff unsuccessfully talked to management at three (3) different radio stations about openings and their knowledge about possible openings at other radio stations, took a computer training course, started working for Agape Mortgage in the summer of 1998, next went to work for Veterans Home Mortgage in October, 1998, and as of April, 1999, worked for TMG Solutions, a reasonable factfinder could conclude that Plaintiff had not withdrawn from the job market. Therefore, I also find that ARS had to satisfy its burden of establishing that even viewing the facts in a light most favorable to Plaintiff, a reasonable factfinder could only conclude that substantially equivalent work was available and Plaintiff did not exercise reasonable diligence to obtain said employment. Having so concluded, I further find that Defendant has not established as a matter of law that substantially equivalent work was available and that Plaintiff did

not exercise reasonable diligence to obtain the employment. *See Reid v. Kraft General Foods, Inc.,* 1995 WL 262531, \*9 (E.D.Pa. Apr.27, 1995) (holding that summary judgment motion was denied where defendant had not demonstrated as a matter of law that there were substantially equivalent positions available to plaintiff and sufficient evidence existed to show that the plaintiff took some affirmative action in pursuing employment such that the court could not conclude as a matter of law that the plaintiff's efforts were unreasonable). Accordingly, Defendant's Motion for Summary Judgment on Plaintiff's claim for damages is denied.